**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOHANNA NEGRON ADAMES, ET ALS | CIVIL NO. 21-cv-1077 (WGY) |
| Plaintiffs | |
| vs. | |
| DORADO HEALTH, INC. d/b/a BAYAMON MEDICAL CENTER, ET ALS. Defendants | |

**MOTION IN LIMINE**
**OBJECTING THE PLAINTIFF'S LATE EXPERT REPORT**

**TO THE HONORABLE COURT:**

**NOW COMES** codefendant, **DR. FRANCISCO DUBOCQ BERDEGUEZ**, hereinafter ("Dr. Dubocq") through the undersigned attorney, and, without submitting to this court's jurisdiction, respectfully states and requests:

On March 23, 2021, this Honorable Court filed a Scheduling Order/Case Management Order giving thirty days of the date for the order, to the parties for filing a joint proposed case management scheduling order consistent with the Court dates. This Court, also stated that **"the parties may agree to advance these dates but may not agree to delay them." (See Docket No.17)**. Furthermore, the Order stated that **"No motion for a continuance will be entertained that does not recite the above dates and explain how and why any such continuance will affect them"**. (See Docket No.17).  Later, on April 22, 2021, all parties presented before this Honorable Court a Joint Motion for Hearing via Telephone or Videoconference to Reschedule Order/Case Management Order. (See Docket No. 27). Nevertheless, on April 27, 2021, this Court denied the motion and clarified that "Any discovery dispute requests shall made by motion." (See Docket No. 34). That

same day the Honorable Court submitted a Scheduling Order/ Case Management Order changing several dates. (See Docket No. 30). After those changes, the parties presented a Joint Proposed Case Management Scheduling Order, where the parties agreed, among other things, that the date of August 2, 2021, would be designated as the deadline for the submission of the plaintiff's expert reports. All parties, including the plaintiffs complied with the Joint Proposed Case Management Order, in fact, it was one of the attorneys for the plaintiffs who filed the joint motion. (See Docket No. 37). This Joint Proposed Motion also complied with the dates ordered by this Court on Docket 30. Finally, on June 4, 2021, the Court stated that "Discovery due by 2/1/2022. Discovery Motions due by 3/1/2022. Joint Pre-Trial Memo due May 1, 2022. Trial ready June 2022." (See Docket No. 43). Knowing that the deadline for submitting the expert report had passed, the plaintiff ignored it and on September 10, 2021, the appearing party received the expert report with the Curriculum Vitae of a new expert. Since the identify of this expert was unknown, when attorneys for the parties met to prepare the deposition calendar, no date was reserved to take the deposition of the newly announce expert. In addition, when plaintiffs notified the report for the new expert, nothing was said by the attorneys to justify the lateness of the report, and as the court's docket shows, no authorization was requested from the court to notify the new expert and report, nor any justification for the delay in notifying or a request for extension of time was requested.

It is known that the calendar authorized by the court will govern the processes and ensure the order and integrity of the legal system. None of the parties, without the Court explicit consent, are allowed to extend those terms or amend the calendar at their convenience. The plaintiff's intrusion  and manipulation of the calendar ordered by the

court is an appropriation of authority that only corresponds to the courts of justice and not to a party. Therefore, the appearing party opposes the late notification of said expert report and respectfully requests to this Honorable Court the exclusion of said expert for violating this Court's Scheduling Order.

## PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER

A Case Management Order is an indispensable tool to control the large number of civil litigations.  "To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management." A party who is indifferent of such orders "… robs them of their utility." See Tower Ventures, Inc. v City of Westfield, 296 F.3d 43 (1st Cir.2002). Being an essential tool for the courts, they have broad authority to enforce case management orders. In any case, this court has the authority to sanction anyone who "... fails to obey a scheduling or other pre-trial order." Fed. R. Civ. P. 17(f) (C). It is known that "a litigant who ignores a case management deadline does so at his peril." Rosario-Diaz, 140 F.3d at 315. Also, the courts have warned that a party's "violation of a time specific order [is] not cured by subsequent compliance at his leisure." Young v. Gordon, 330 F.3d 76, 82-83 (1st Cir. 2003).   When noncompliance with the court order occurs, the Court will have the option of implementing an appropriate sanction for such disobedience. Among the sanctions that the court would have available to enforce its orders are the following:

> "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) **prohibiting the disobedience party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;** (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceedings in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

3

A violation of a scheduling order may be excused if the party shows a good cause for the failure to comply. See Fed. R. Civ. P. 16.  There must be a legitimate reason for noncompliance with the scheduling order. If the party has a reason, it is necessary that it be communicated to the Court. "Whenever a party, without good cause, neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised. Courts are entitled to take sensible measures to guard against such debilitating occurrences." See Santiago Diaz v Laboratorio Clínico 456 F. 3d 272.

Lastly, but not least the unjustified delay of the plaintiff in announcing its expert and providing its report may harm the defendants in different ways "…deprived the defendants of the opportunity to depose him, impeach his credentials, pursue countering evidence, or generally prepare their defenses. Factoring in the time and expense caused by the plaintiff's mis feasance, see Primus v. United States, 389 F.3d 231, 236 (1st Cir.2004), the harm to the defendant is, as the district court determined, palpable." See Santiago Diaz v Laboratorio Clínico,456 F. 3d 272.

A party who "without substantial justification fails to disclose information required by Rule 26 (a) … is not, unless such failure is harmless, permitted to use" the nondisclosed witness or information in later proceedings. Fed. R. Civ. P. 37 (c) (1).

In the case at bar, the final Joint Proposed Case Management Scheduling Order approved by all parties required the plaintiff until August 2, 2021, to submit their expert

witness reports. The appearing party received the expert report, credentials, and curriculum vitae of Dr. Daniel D. Cohen 39 days after de deadline stipulated by all parties. There was never any communication to the appearing party or to the court about the late submission of Dr. Cohen's expert report. Neither did the plaintiff justify the delay in presenting the expert report and never requested the consent of this Court. This not only affects the tight schedule of the court and the parties, but "…deprived the defendants of the opportunity to depose him, impeach his credentials, pursue countering evidence, or generally prepare their defenses." See Santiago Diaz v Laboratorio Clínico,456 F. 3d 272. The indifference that the plaintiff clearly shows in the late submission of the expert report will cause many problems in the corresponding defense. As the calendar in the case show, appearing party only has until October 4, 2021, to submit an expert report with limited time the review and study the opinions of the new expert. Such time would not be sufficient to prepare and submit an adequate expert report for the defense. Certainly, revealing the report 39 days after the established deadline is an abuse of the proceeding, particularly in knowledge of the colleagues and the court's highly loaded agenda. The plaintiff had enough time to reveal its expert report in compliance with the Case Management Order, since the complaint in this case was filed on February of this year, and the events of this case took place on November 2019. Such acts must be repudiated by the court and therefore, the appearing party requests that, in view of the evident delay that will harm appearing party's defense, such report must be excluded in the present case. "This Court will not abuse its discretion in ruling that the plaintiff's failure timely to disclose the identity of her expert and to furnish a proper expert witness report were both substantially unjustified and harmful." See Santiago Diaz v Laboratorio Clinico YDe, 456 F.3d 272 (1st Cir. 2006).

5

**WHEREFORE**, from this Honorable Court it is requested to exclude the Plaintiff's expert, Dr. Daniel D. Cohen, since it was submitted in violation of the Joint Proposed Scheduling Order submitted by all parties, and the late submission will unduly prejudice appearing party's defense.

**RESPECTFULLY SUBMITTED**.

**In San Juan, Puerto Rico, this 22nd day of September 2021.**

**I HEREBY CERTIFY** that, on this day, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will give notice of electronic filing to the attorneys of record.

**s/ BENJAMIN MORALES**
**BENJAMIN MORALES DEL VALLE**
USDC-PR No.: 218714
**MORALES-MORALES LAW OFFICES**
Urb. Town Park
A-1 Calle Marginal 181
Tel: 787-755-1570
Fax: 787-755-1571
E-MAIL:  bmorales@moralesmorales.com
