**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOHANNA NEGRON ADAMES et. al.** <br> Plaintiffs <br><br> v. <br><br> **DORADO HEALTH INC., et. al.** <br> Defendants | **CIVIL NO.: 21-CV-1077(WGY)** <br><br> **JURY TRIAL SET FOR NOVEMBER 5, 2010** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO CODEFENDANTS DR. FRANCISCO DUBOQ BERDEGUEZ'S "MOTIONS *IN LIMINE* REGARDING DR. DANIEL D. COHEN"**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, through their undersigned counsel, and very respectfully state, allege and pray:

1. On September 22th, 2021, co-defendant Dr. Francisco Dubocq-Berdeguez filed an unexpected *Motion in Limine* at Docket No. 45. In a nutshell, co-defendant Dr. Dubocq alleges that Plaintiffs produced and expert report by a board-certified Urologist in the case of reference in an untimely manner.

2. In its motion, co-defendant Dr. Dubocq moves the Court to preclude Plaintiffs' medical expert witness, Dr. Daniel Cohen (hereinafter "Dr. Cohen"), and to "eliminate him as an expert" in this case.  Co-defendant Dr. Dubocq argues that Dr. Cohen's report was late by 39 days which would limit his expert form properly reviewing said report and that a deposition was not scheduled for this expert.

3. Although, Plaintiffs admit that Dr. Cohen's report was notified after the original expected date of production due primarily to the COVID-19 pandemic, we understand that said delay fails to create any harm or prejudice proffered by co-

defendant Dr. Dubocq. To the contrary, the delay is totally harmless in the case of reference and the preclusion of this expert would cause a harmful and unrepairable damage to Plaintiffs' case. It has been a longstanding requirement of substantive law in Puerto Rico that the applicable standards of medicine and the deviations in treatment and/or diagnosis in a medical malpractice action be established through expert testimony. <u>Lopez Delgado v. Dr. Orlando Cañizares</u>, 163 DPR 119 (2004), 2004 WL 2421997 (P.R.). Without it, plaintiffs' actions may not proceed.

4. Furthermore, Plaintiffs were awaiting the production of the personnel and privileges file of co-defendant Dr. Dubocq at Bayamon Medical Center, Inc., which were requested through an interrogatory and request for production of documents, and his file and the "Junta de Licenciamiento y Disciplina Médica". As of this date, co-defendant has not produced said file and/or have we not received the order to request said files, limiting Plaintiffs' ability in this case to perform discovery. Plaintiffs are alleging that co-defendant Dr. Dubocq was never a resident of a Urology Residency Program, hence, his representations that he was an Urologist to co-plaintiff Johanna Negron were not correct. Regardless of the lack of the requested documentation, Dr. Cohen presented an expert report in this case.

5. Since the onset of this case, Plaintiffs informed all codefendants that they were retaining and expert in Urology to ascertain their allegations presented in the complaint. **Such was the case and in complete contradiction of the allegations presented by co-defendant Dr. Dubocq, that Dr. Cohen's deposition is scheduled for December 3, 2021[1].** Hence, defendants will not be deprived of the opportunity to

---

[1] Please refer to the Joint Proposed Case Management Scheduling Order at Docket 37 filed by all parties on May 24th 2021.

depose him, attempt to impeach his credential, attempt to pursue countering evidence, or generally prepare his defense. Therefore, co-defendant Dr. Dubocq's allegation that he would not have the opportunity to depose the expert and the opportunity to prepare for said deposition are false. Co-defendant Dr. Dubocq will have roughly two months to prepare for the deposition of Dr. Cohen.

6. As to co-defendant Dr. Dubocq's second assertion that due to the tardiness of Dr. Cohen's report, his expert witness will not have enough time to review Dr. Cohen's report and defend him against the allegations in the report, Dr. Dubocq and his legal team has had ample time to examine the medical records in this case, since they were provided on April 25, 2021 along with Plaintiffs Rule 26 Disclosure Letter, and the allegations of the complaint. Therefore, co-defendant Dr. Dubocq could have developed any defense deemed necessary with the allegations and the medical records. Co-defendant Dr. Dubocq, who represents himself as a urologist, does not need to receive an actual expert report by an urologist to know that his expert witness most certainly will be an urologist, especially in this case. Furthermore, since the production of the report rendered by Dr. Cohen, co-defendant Dr. Dubocq's expert has had 24 days to read and review a 3-page long report and develop any pertinent defense prior to rendering his report on October 4, 2021. Certainly, that is enough time for an expert, who we presume has already examined the medical records, to review Dr. Cohen's expert report and reply to it in his/her report it he/she deems it necessary.

7. Notwithstanding, should co-defendant Dr. Dubocq's expert witness require an extension of time to produce his defense report, Plaintiffs would not have any objections to reach agreement as to said extension. Plaintiffs' main request would be

3

that the report is received at least 20 days prior to the deposition of co-defendant Dr. Dubocq, which is on November 19, 2021[2] and Plaintiffs' expert Dr. Daniel Cohen, which is on December 3, 2021[3].

## Memorandum of Law

### A. Standard for Motions in Limine

8. The ultimate goal of a motion in limine is to preclude the presentation of potentially prejudicial evidence in front of a jury prior to the Court's having passed on its admissibility. Not to preclude evidence because of and alleged tardiness.

9. In Frerichs v. Nebraska Havestore Systems, Inc., 226 Neb. 220, 410 N.W. 2d 487, 4 UCC Rep. Sev. 2d 763 (1987), the court stated that a motion in limine "is a procedural step to prevent prejudicial evidence from reaching the jury", and that the purpose of such motion is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself."

### B. Standard for Expert Testimony

10. Federal Rule of Evidence 702 states as follows: "If scientific, technical, or other specialized knowledge will assist the trier of the facts to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is

---

[2] Please refer to the Joint Proposed Case Management Scheduling Order at Docket 37 filed by all parties on May 24th 2021.
[3] Please refer to the Joint Proposed Case Management Scheduling Order at Docket 37 filed by all parties on May 24th 2021.

the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

11.     Rule 702 has been interpreted liberally in favor of admission of expert testimony and, as such, expert witnesses need not have overly specialized knowledge to offer opinions. Levin v. Dalva Brothers, Inc., 459 F.3d 68 (1st Cir. 2006). Once the trial court has established the expert's reliability, it is up to the opposing party to examine the factual basis of the expert's opinion and to expose its flaws through cross-examination or competing expert testimony. United States v. Mooney, 315 F.3d 54, 63 (1st Cir. 2002). Flaws in the factual bases underlying the expert's opinions affect the weight and credibility of his or her testimony, not its admissibility. See Mitchell v. US, 141 F.3d 8 at 17 (1st Cir. 1998).

### C.     Tardiness of an Expert Report

12.     The First Circuit Court of Appeals has stated that: when reviewing a district court sanction regarding a discovery violation, the First District Court of Appeals will be deferential to the trial judge. See Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003). When "a party aspires to disclose expert evidence out of time and the trial court opts to exclude it, we review that determination for abuse of discretion." Santiago–Díaz v. Laboratorio Clínico y De Referencia Del Este, 456 F.3d 272, 275 (1st Cir. 2006). Under the "abuse of discretion" standard, this court will not substitute its judgment for that of the district court unless left with a "definite and firm conviction that the court below committed a clear error of judgment." Schubert v. Nissan Motor Corp. in U.S.A., 148 F.3d 25, 30 (1st Cir. 1998) (quoting In re Josephson, 218 F.2d 174, 182 (1st Cir. 1954)).

13. Pursuant to Federal Rule of Civil Procedure, Rule 37(c)(1), reports that are not disclosed in a timely manner are automatically excluded and may not be used "to supply evidence ... ***unless the failure was substantially justified or is harmless***." In Esposito v. Home Depot U.S.A., Inc., this court stated that when reviewing a district court's decision to preclude **expert** testimony, it will consider: "(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects; and (5) the late disclosure's impact on the district court's docket." 590 F.3d 72, 78 (1st Cir. 2009).

## Argument

15  Plaintiffs in this case have not missed any prior deadlines and the case is still in the early stages of the discovery process. The expert report of Dr. Cohen is crucial to this case as the interventions of codefendants and his exclusion could harm Plaintiffs' ability to prove their case. Further, as stated before, this case's discovery has only commenced as only Plaintiffs' depositions have been taken. Therefore, the notification of Dr. Cohen's expert report past the established date creates no harm to co-defendants nor does it delay this Honorable Court's Case Management Scheduling Order at Docket No. 43.

16. Co-defendant Dr. Dubocq has failed to provide any evidence that he would not be able to overcome any adverse effect of this tardiness. To the contrary, Dr. Cohen's deposition is scheduled for December 3, 2021 allowing co-defendant Dr. Dubocq ample time to prepare. While the same cannot be said regarding Plaintiffs if

Dr. Cohen's expert report is eliminated. The elimination of Dr. Cohen's expert report could cause the harm to Plaintiffs of a de facto dismissal.

17. The questions at this juncture are: Would the Court and the Jury benefit from the testimony of Dr. Cohen, a Board Certified Urologist, during the trial? Does a delay that did not cause any sufficient harm enough to warrant the elimination of the expert report?

18. The answer to the first question simply a "yes". The jury will benefit immeasurably from the testimony of Dr. Cohen. Also, since Dr. Cohen's deposition has already been scheduled and defendants will have ample time to prepare for it, there is no merit to co-defendant Dr. Dubocq's request to eliminate Dr. Cohen's testimony, since no true harm has been caused. The answer to the second question is "no". A delay that had caused absolutely no harm does not warrant the exclusion of the expert testimony and may be extremely detrimental to Plaintiffs case.

19. Furthermore, in a medical malpractice case such as this one the preclusion of an expert witness could cause a de facto dismissal, since Plaintiffs' are force to rebut the presumption of the correctness of all medical acts. The only form or manner in which said presumption can be rebutted is through the testimony of expert witness such as Dr. Daniel Cohn.

20. Based on the arguments discussed above and on the fact that no harm has been caused to co-defendant Dr. Dubocq, that this is Plaintiffs first delay during this case, the early unset of the discovery process in this case, and that the elimination of an expert witness is a severe sanction, codefendant Dr. Dubocq's motions *in limine* should be denied.

**WHEREFORE**, Plaintiffs, very respectfully, request from this Honorable Court to DENY co-defendant Dr. Francisco Dubocq's motion *in limine* at Docket No. 45.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITED**.

In San Juan, Puerto Rico, on this 24th day of September, 2021.

S/Pedro F. Soler Muñiz
PEDRO F. SOLER-MUÑIZ
USDC-PR NO. 212,909
*Counsel for Plaintiffs*
Pedro F Soler Muñiz
1225 Ave. Ponce de León
Edif. VIG Tower, Suite BS-D
San Juan, PR 00907
Tel. 787-774-6522; Fax. 787-706-8680
psoler@pedrosolerlaw.com

S/Alejandro J. Fernandez Muzaurieta
ALEJANDRO J. FERNANDEZ MUZAURIETA
USDC-PR 223706
*Counsel for Plaintiff*
Alejandro J. Fernandez Muzaurieta
PO BOX 16264
San Juan, PR 00908
Tel. 939-337-4740
alejandrofernandezz@yahoo.com

S/Alejandra C. Martínez Méndez
ALEJANDRA C. MARTINEZ MENDEZ
USDC/PR NO. 303111
*Counsel for Plaintiffs*
Pedro F. Soler Muñiz
1225 Ave. Ponce de León
Edif. VIG Tower, Suite BS-D
San Juan, PR 00907
Tel. 787-774-6522; Fax 787-706-8680
amartinez@pedrosolerlaw.com