**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JOHANNA NEGRON ADAMES, et al,** | **CIVIL NO. 21-1077 (WGY)** |
| **PLAINTIFFS** | |
| vs. | |
| **DORADO HEALTH, INC. d/b/a BAYAMON MEDICAL CENTER, et al,** | |
| **DEFENDANTS** | |

**JOINT MOTION TO EXCLUDE EXPERTS & REPORTS**
**NOTIFIED AFTER DEADLINE**

**TO THE HONORABLE COURT:**

Come now Defendant, Bayamón Medical Center Corp., Dr. Edwin Báez Montalvo, his insurer, Puerto Rico Medical Defense Insurance Company, Dr. Francisco Dubocq Berdegüez, and his insurer, Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico-Hospitalaria, hereinafter to be referred to collectively as "Defendants", and respectfully state, allege and pray as follows:

1. On May 24, 2021, the Parties filed a joint case management memorandum which established the deadlines which had been agreed to by the plaintiffs and all other parties for purposes of this case. *(D.E. 37)*. The joint case management memorandum was approved by this Honorable Court pursuant to an Order entered on June 4, 2021. *(D.E. 43)*.

2. According to the Court approved case management order *(D.E. 43)*, Plaintiffs were required to notify all expert reports by August 2, 2021. *(D.E. 37 at p.1)*. The deadline for the defendants to notify their expert reports was October 4, 2021, which deadline was designed to give defendants a period in excess of two months after the expiration of the deadline for

1

plaintiffs to notify all of their expert witness reports to decide whether an expert witness was necessary or not and if so, then to retain such expert and have them prepare an expert witness report and to enable all expert witness discovery for both plaintiffs' experts and defendants' experts, including depositions to be finished before the court-ordered February 1, 2022 deadline for conclusion of discovery.[1] *(D.E. 37 at p.1)*.

3.      A review of the docket of the case confirms that the August 2, 2021 deadline for plaintiffs to submit any expert reports expired, and Plaintiffs did not file any motion requesting that the same be extended and/or that they be granted leave to submit any expert report in addition to those expert reports which had been notified before the August 2, 2021 deadline passed.

4.      Notwithstanding the clarity of the aforementioned order and the corresponding deadline, on January 17, 2022, five and a half months after expiration of the deadline for plaintiffs to comply with their expert witness disclosures, and only two weeks before the conclusion of all discovery, Plaintiffs notified an expert report prepared by CPA Elías Fernández Pérez ("CPA Fernández").

5.      To date, plaintiffs have failed to comply with the other required expert witness disclosures as to their proposed expert witness CPA Fernández, since they have not produced: a curriculum vitae or otherwise disclosed CPA Fernández's "qualifications, including a list of all publications authored in the previous 10 years; …", as is required by Fed.R.Civ.P. 26(a)(2)(B)(iv); a list of all other cases in which, during the previous 4 years, CPA Fernández

---

[1] While on February 2, 2022, the parties did file a Joint Motion to Amend the Case-Management Scheduling Order *(D.E. 58)*, in which Defendants specifically reserved the right to file this motion "to preclude any experts whose reports were notified beyond the established deadline …" *(D.E. 58 at p. 2, ¶5)*, to date the Court has not ruled on such motion and modified the deadlines contained in the Court's June 4, 2021 Scheduling Order/Case Management Order *(D.E. 43)*.

testified as an expert at trial or by deposition, as is required by Fed.R.Civ.P. 26(a)(2)(B)(v); or a statement of the compensation to be paid CPA Fernández for his study and testimony in this case, as is required by Fed.R.Civ.P. 26(a)(2)(B)(vi).

6. As to plaintiffs' proposed expert witness psychiatrist Dr. Victor Lladó, plaintiffs failed to comply with any of the expert witness disclosure requirements imposed by Fed.R.Civ.P. 26(a)(2)(B)(i)-(vi) prior to the August 2, 2021 deadline for such compliance *(D.E. 37 at p.1)*, or even within the February 1, 2022 deadline for conclusion of discovery. *(D.E. 37 at p.2)*.

7. Plaintiffs notified an expert report prepared by psychiatrist Dr. Lladó on February 2, 2022, the day following the expiration of the deadline for concluding all discovery in this case. *(D.E. 37 at p.2)*, and half a year after the August 2, 2021 deadline for expert witness disclosures had expired with no request by plaintiffs to extend the same.

8. The appearing Defendants consider that both CPA Fernández and Dr. Lladó should be excluded as experts for Plaintiffs based on the following reasons: 1) the reports were each notified more than five (5) and a half months after the court established deadline for the disclosure of expert reports had expired; 2) Plaintiffs did not request leave or an extension of the discovery deadline to submit said reports after the August 2, 2021 deadline; and 3) Plaintiffs have failed to provide an excuse or justification for the delay in notifying the belated reports, much less have plaintiffs met their burden of showing "good cause" to extend the deadlines for their expert witness disclosure when plaintiffs failed to request an extension before such deadline expired.

9. "The Civil Rules require litigation adversaries to disclose to each other the identity of proposed expert witnesses and the subjects on which their testimony will be offered. …Time is of the essence, and the disclosures must be made well in advance of trial." **Samaan v. St. Joseph Hosp**., 670 F.3d 21, 35-39 (1st Cir. 2012) (citing FED. R. CIV. P. 26(a)(2)(A)-

3

(C))(circuit court affirmed district court's exclusion of plaintiffs' two expert witnesses on causation for failure to timely comply with the Fed.R.Civ.P. 26(a)(2) expert witness disclosure requirements and affirmed grant of summary judgment for defendants since plaintiffs could not establish causation without such expert witness testimony).

10. Where a district court has established a disclosure date, as in this case, a party must disclose the expert's identity, report and the corresponding mandatory disclosures at the ordered time. **Esposito v. Home Depot U.S.A., Inc.,** 590 F.3d 72, 77 (1st Cir. 2009) (citing Fed.R.Civ.P. 26(a)(2)(C)). If a party's expert disclosure is untimely, the party is not allowed to use that witness, relevant expert information, "or supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." **Esposito**, 590 F.3d at 77.

11. "Failure to comply with disclosure obligations can have severe consequences. Rule 37 authorizes district courts to sanction noncomplying parties, and, although sanctions can vary depending on the circumstances, '[t]he baseline rule is that "the required sanction in the ordinary case is mandatory preclusion.""" **Plaza Carolina Mall, L.P. v. Municipality of Barceloneta**, 91 F. Supp. 3d 267, 279 (D.P.R. 2015) (quoting **Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D.**, 456 F.3d 272, 276 (1st Cir. 2006), and **Lohnes v. Level 3 Communications, Inc**., 272 F.3d 49, 60 (1st Cir. 2001). Accord <u>Wilson v. Bradlees of New England, Inc.</u>, 250 F.3d 10, 20–21 (1st Cir. 2001)(it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless or else suffer the near automatic exclusion under Rule 37(c)(1)'s self-executing sanction of Rule 26 information that is not timely disclosed)(citing **Heidtman v. County of El Paso**, 171 F.3d 1038, 1040 (5th Cir.1999), **Salgado by Salgado v. General Motors Corp.**, 150 F.3d 735, 741–742 (7th Cir.1998), and Advisory Committee Notes to the 1993 Amendments); **Yeti by Molly, Ltd. v. Deckers Outdoor Corp.**, 259 F.3d 1101, 1106 (9th

4

Cir. 2001)(Rule 37(c)(1), which was implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power which was intended to establish "a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....'")(citing **Klonoski v. Mahlab**, 156 F.3d 255, 269 (1st Cir.1998), and Fed.R.Civ.P. 37 advisory committee's note (1993)); and Gregory P. Joseph, **Sanctions: The Federal Law of Litigation Abuse**, § 48(E) at p. 578 (2d edit. 1994) (Fed.R.Civ.P. 37(c)(1) "provides a self-executing sanction for a party's failure to disclose information required by Rule 26(a) or Rule 26(e)(1) without substantial justification. Under Rule (c)(1), the derelict party is not permitted to use any information – including the testimony of any witness – that was not, but should have been, disclosed pursuant to Rule 26(a) or (e)(1).").

12. It is uncontested that Plaintiffs' counsel notified Defendants of the expert witness reports of CPA Fernández and Dr. Lladó over five and a half months, and six months, respectively, after the deadline for making expert witness disclosures had elapsed. It follows that Plaintiffs' belated disclosure constitutes a Rule 26 discovery violation which warrants the automatic exclusion of said experts.

13. Given the Plaintiffs' belated disclosure, the Court has ample discretion to sanction their noncompliance with exclusion of CPA Fernández and Dr. Lladó as expert witnesses. The First Circuit has instructed district courts to take into account a multiplicity of pertinent factors, such as: 1) the history of the litigation; 2) the sanctioned party's need for the precluded evidence; 3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosures' adverse effects - e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket". **Esposito**, 590 F.3d at 78 (citing **Macaulay v. Anas**, 321 F.3d 45, 51-52 (1st Cir. 2003), and **Santiago-Diaz**, 456 F.3d at 276-277).

14. The history of the litigation weighs in favor of exclusion. The belated notification of the reports of CPA Fernández and Dr. Lladó is not the first time that Plaintiffs have disregarded the Court's scheduling order, and/or deadlines agreed to by the Parties. Plaintiffs belatedly notified the report of Dr. Daniel Cohen several weeks after the deadline of August 2, 2021. *(D.E. 45, 46 & 47)*. Although at that time, the Court denied the motion in limine to exclude the belated report, the fact remains that notwithstanding, or perhaps as a result of, the Court's leniency at the time, Plaintiffs have become more brazen in their thwarting of the Court's scheduling order doubling down on belated notification of expert witness disclosures without seeking the leave of Court or an extension of time to do so, or giving any legitimate reason for blowing the expert witness disclosure deadlines by 5 and a half and 6 months respectively.

15. Plaintiffs' need for the reports also tips the scale in favor of preclusion. As it relates to the report of CPA Fernández, which projects a future loss of income, the reality is that the case evidence shows that Negron chose to leave her employment and move to the U.S. to live with her daughter. With regard to the report of Dr. Lladó, the deposition of plaintiff Johanna Negrón Adames confirmed that she is very capable of describing her purported emotional suffering as a result of the negligence alleged in the Complaint.

16. As it relates to the third factor, to wit, the justification (or lack of one) for its late disclosure, this also favors preclusion. Plaintiffs have proffered no excuse or justification for the belated disclosure. Similarly, the fourth factor, namely, the opponent-party's ability to overcome the late disclosures' adverse effects, likewise justifies Defendants' request for preclusion. If the reports had been timely notified, Defendants would have retained their own expert CPA or economist to refute the findings of CPA Fernández; and would likewise have submitted the plaintiff Negrón Adames to a psychiatric evaluation. The belated notification prejudices Defendants inasmuch as the aforementioned were not done while the factual discovery was

6

underway since by the passage of time following the expiration of the August 2, 2021 deadline with plaintiffs not producing any expert witness disclosures for either CPA Fernández or Dr. Lladó, or seeking any extension of time to do so or leave to submit such expert disclosures notwithstanding their egregious flouting of the Court's scheduling order, the defendants reasonably assumed that plaintiffs had decided not to introduce any expert witness testimony on the matters which are the subject of CPA Fernández's or Dr. Lladó's expert witness opinions. There was no need for defendants to retain rebuttal expert witnesses on the issues of economic damages or psychological/psychiatric damages where there was no expert witness testimony on this topics disclosed by plaintiffs for the defendants to rebut.

17. The final factor to consider, the late disclosure's impact on the district court's docket, also favor Defendants' request for preclusion. More specifically, all discovery was to have concluded by February 1, 2022. Although the Parties jointly filed a motion to extend the term to conclude discovery, Defendants expressly reserved the right to move to strike any belatedly notified expert reports; and/or retain their own experts in accounting/economics and psychiatry, in the event that the Court allows the belated expert witnesses and their reports. It follows that the belated notification of Plaintiffs' additional experts, if allowed, would also require further extension of the term to conduct discovery in order for Defendants to have plaintiff Negrón Adames evaluated by their own psychiatric expert(s).

18. Based on the fact that plaintiffs made no attempt to seek to extend the expert witness disclosure deadline before it expired on August 2, 2021, plaintiffs must demonstrate the circumstances which could satisfy the required "good cause" under Fed. R. Civ. P.16 needed to grant them an extension of time to comply with their expert witness disclosure obligations after already violating the Court's scheduling order. Fed. R. Civ. P. 16(b)'s good cause standard governs motions to amend scheduling orders filed after the expiration of scheduling order

deadlines. Application of the "good cause" standard has been found necessary in order to preserve the integrity and effectiveness of Rule 16(b) scheduling orders. **O'Connell v. Hyatt Hotels of Puerto Rico**, 357 F.3d 152, 154 -155 (1st Cir. 2004)(citing **Sosa v. Airprint Sys., Inc.** 133 F.3d 1417, 1419 (11th Cir.1998)(per curiam).

19. The First Circuit has recognized that in an era of burgeoning case loads and overcrowded dockets, effective case management under Rule 16 has become an essential tool for handling civil litigation. **O'Connell**, 357 F.3d at 154-155 (citing **Tower Ventures, Inc. v. Westfield**, 296 F.3d 43, 45 (1st Cir. 2002)). While Rule 16 provides the district courts with many of the devices necessary to manage its docket, for Rule 16(b) to operate effectively, "litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" **Id.**, (quoting Johnson v, Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal citations and quotations omitted). Accord **Morrissey v. Webster Bank, N.A.**, 417 F.Supp.2d 183, 186 n. 4 (D.Mass. 2006)(Young, U.S. District Court Chief Judge)(citing **O'Connell**, 357 F.3d at 155). Rule 16(b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment, and indifference by a moving party of the sort demonstrated by the Plaintiffs here seals off this avenue of relief irrespective of any showing of prejudice or not because such conduct is incompatible with the showing of diligence necessary to establish good cause. **Id.**, (quoting **Rosario-Diaz v. Gonzalez**, 140 F.3d 312, 315 (1st Cir. 1998).

20. For the reasons stated herein, it is requested that as a result of Plaintiffs' belated, unjustified and unexplained disclosure of their experts, and the plaintiffs' failure to show, or even attempt to show, good cause to extend the deadline for expert witness disclosures five and a half months after such deadline had expired, the expert witness testimony of CPA Elias Fernandez and psychiatrist, Dr. Victor Llado, should be excluded.

**WHEREFORE**, it is respectfully requested that the Honorable Court take notice of the present joint motion and in consequence thereof, strike the belated experts, CPA Elias Fernández and psychiatrist, Dr. Victor Lladó, as well as their expert witness reports.

**I HEREBY CERTIFY**: That on this same date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System which will send notification to the attorneys of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 21st day of February, 2022.

/s/Jeannette López de Victoria
USDC-PR No. 205101
*Attorney for SIMED*
OLIVERAS & ORTIZ, PSC
171 Ave. Chardón, Suite 406
Hato Rey, PR 00918
Tel:  (787) 724-8103
Fax: (787) 724-8152
Email:  hoeman1959@live.com

/s/ José González Villamil
USDC-PR No. 127105
*Attorney for Dr. Baez & PRMDIC*
BUFETE GONZÁLEZ VILLAMIL
González Pando Plaza
1181 Ave. Jesús T. Piñeiro
San Juan, PR 00920-5604
Tel.  (787) 792-5200; 273-8223
Email:  jose@gonzalezvillamil.com

/s/Benjamín Morales del Valle
USDC-PR No. 218714
*Attorney for Dr. Dubocq*
MORALES MORALES LAW OFFICES
Urb. Town Park
A-1 Calle Marginal 181
Tel:  (787) 755-1570
Fax: (787) 755-1571
Email:  bmorales@moralesmorales.com

/s/Michael McCall
USDC-PR No. 210412
*Attorney for Bayamon Medical Center Corp.*
Law Offices of Michael C. McCall
PO Box 362634
San Juan, PR 00936-2634
(787) 232-4530
Fax: (787) 274-8390
Email: craigmcc@me.com