IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOHANNA NEGRON ADAMES et. al.**<br>Plaintiffs<br><br>v.<br><br>**DORADO HEALTH INC., et. al.**<br>Defendants | **CIVIL NO.: 21-CV-1077(WGY)**<br><br>**JURY TRIAL SET FOR<br>NOVEMBER 5, 2010** |

## RESPONSE IN OPPOSITION "JOINT MOTION TO EXCLUDE EXPERTS & REPORTS NOTIFIED AFTER DEADLINE"

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, through their undersigned counsel, and very respectfully state, allege and pray:

1. On February 21, 2022, co-defendants filed a joint motion requesting that plaintiffs' experts CPA Elias Fernández and psychiatrist Dr. Victor Lladó and their expert reports be eliminated from the present case. (See Docket No. 59). In a nutshell, co-defendants argue that Plaintiffs' expert reports in economic and emotional damages was notified in an untimely manner. Notwithstanding, co-defendants fail to inform that plaintiff had notified them months in advance of the retention of both experts.

2. Co-defendants motion at Docket No. 59 should be stricken from the record as it fails to comply with Rule 26 c (1) of the Federal Rules of Civil Procedure which state as follows:

> (c) Protective Orders.
> (1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. **The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.** The court may, for good cause, issue an order to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

3. Co-defendants move the Court to preclude Plaintiffs' experts CPA Elias Fernández and psychiatrist Dr. Victor Lladó and eliminate them as experts in this case. Co-defendants argue that said expert reports were notified 5 months after the disclosure of expert reports had expired and that Plaintiffs did not request an extension of time for the discovery deadline. The request was presented without any certification of any conversations or negotiation between the parties.

4. Plaintiffs acknowledges that the expert reports of CPA Elias Fernández and psychiatrist Dr. Victor Lladó were notified after the original expected date of production. Still, said delay fails to create any harm or prejudice proffered by co-defendants. The delay was totally harmless in the case of reference, contrary to the effect the preclusion of these expert report can cause to Plaintiffs. Precluding Plaintiffs from using these experts and their reports would cause a harmful and unrepairable damage to Plaintiffs' case. As said experts will allow the jury to understand the amounts in los income faced by co-plaintiff Johanna Negron and the extend of her pain and anguish.

5. Since the onset of this case, Plaintiffs informed all co-defendants that they were retaining experts in economic damages and psychiatric damages to ascertain their allegations presented in the complaint.

## **Memorandum of Law**

### **A.      Standard for Motions in Limine**

8. The ultimate goal of a motion in limine is to preclude the presentation of potentially prejudicial evidence in front of a jury prior to the Court's having passed on its admissibility. Not to preclude evidence because of and alleged tardiness.

9. In Frerichs v. Nebraska Havestore Systems, Inc., 226 Neb. 220, 410 N.W. 2d 487, 4 UCC Rep. Sev. 2d 763 (1987), the court stated that a motion in limine "is a procedural step to prevent prejudicial evidence from reaching the jury", and that the purpose of such motion is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to a jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself."

### B.  Standard for Expert Testimony

6. Federal Rule of Evidence 702 states as follows: "If scientific, technical, or other specialized knowledge will assist the trier of the facts to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

7. Rule 702 has been interpreted liberally in favor of admission of expert testimony and, as such, expert witnesses need not have overly specialized knowledge to offer opinions. Levin v. Dalva Brothers, Inc., 459 F.3d 68 (1st Cir. 2006). Once the trial court has established the expert's reliability, it is up to the opposing party to examine the factual basis of the expert's opinion and to expose its flaws through cross-examination or competing expert testimony. United States v. Mooney, 315 F.3d 54, 63 (1st Cir. 2002). Flaws in the factual bases underlying the expert's opinions affect the weight and credibility

of his or her testimony, not its admissibility.  See Mitchell v. US, 141 F.3d 8 at 17 (1st Cir. 1998).

### C.  Tardiness of an Expert Report

8. The First Circuit Court of Appeals has stated that: when reviewing a district court sanction regarding a discovery violation, the First District Court of Appeals will be deferential to the trial judge. See Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003). When "a party aspires to disclose expert evidence out of time and the trial court opts to exclude it, we review that determination for abuse of discretion." Santiago–Díaz v. Laboratorio Clínico y De Referencia Del Este, 456 F.3d 272, 275 (1st Cir. 2006). Under the "abuse of discretion" standard, this court will not substitute its judgment for that of the district court unless left with a "definite and firm conviction that the court below committed a clear error of judgment." Schubert v. Nissan Motor Corp. in U.S.A., 148 F.3d 25, 30 (1st Cir. 1998) (quoting In re Josephson, 218 F.2d 174, 182 (1st Cir. 1954)).

9. Pursuant to Federal Rule of Civil Procedure, Rule 37(c)(1), reports that are not disclosed in a timely manner are automatically excluded and may not be used "to supply evidence ... ***unless the failure was substantially justified or is harmless***." In Esposito v. Home Depot U.S.A., Inc., this court stated that when reviewing a district court's decision to preclude **expert** testimony, it will consider: "(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects; and (5) the late disclosure's impact on the district court's docket." 590 F.3d 72, 78 (1st Cir. 2009).

### Argument

10. Co-defendants argue that the late notification of Plaintiffs' experts' reports will Plaintiffs' experts' reports were notified belatedly, and this should be precluded. Plaintiffs contend that the notification of said expert reports, although notified past the deadlines, thus not create an undo burden or prejudice to co-defendants. To the contrary, said reports will allow the Court to further understand Plaintiffs' damages.

11. On February 2, 2022, the parties jointly file a motion to amend the case management scheduling order. (See Docket No. 58). Per said motion, the parties requested this Honorable Court, in a nutshell, **to extend the discovery process** and all further deadlines. Per said motion, the following deadlines were suggested:

   a. Discovery deadline regarding pending depositions    June 2022
   b. Dispositive motions                                 August 2022
   c. Final Pretrial Memorandum                           September 2022
   d. Trial                                               October 2022

12. Therefore, by submitting the joint motion at Docket No. 58, co-defendants agreed that the discovery process, and further deadlines, in this case be extended and cannot state that Plaintiffs' expert reports being notified late will cause them any harm. In simple terms, what's good for the goose must be good for the gander, co-defendants may not request an extension of time for all discovery and now request that the discovery be limited. Specifically, since the reason as to why said motion was filed was because the date of three depositions of experts were selected past the February 1st, 2022, discovery deadline.

13. Moreover, the parties have already selected the dates of April 4, 2022, for CPA Elias Fernández's deposition and April 5, 2022, for psychiatrist Dr. Victor Lladó's deposition. The proposed discovery deadline per Docket No. 58 is May or June 2022, therefore, seeing as Plaintiffs experts' depositions are scheduled for April 2022, co-

5

defendants cannot argue that the discovery deadline has tolled or that they will not have ample time to depose them.

14. In Docket 58, co-defendants state that they are requesting the discovery deadline be extended until May or June 2022 because they are "[i]n the process of determining whether they will retain their own experts" and that since they might retain additional experts' additional dates for depositions may be required. Thus, co-defendants expressly request the extension of the discovery deadline in case they may need additional time to schedule depositions after they determine ***if they will be retaining additional experts***, whom Plaintiffs assume will be regarding economic and emotional damages. Therefore, there is no reason as to why Plaintiffs expert reports should be precluded, since co-defendants are plainly stating that they might retain additional experts, which have not been named or notified as of this date. If co-defendants were to notify additional experts, said notification would have been passed all discovery deadline and, per co-defendants argument, should be precluded.

15. Co-defendants already have in their possession CPA Elias Fernández and psychiatrist Dr. Victor Lladó's expert reports, therefore, as of today, they should already know if they will be retaining experts in these fields. There is no need for them to wait until after their depositions in order to determine if experts in said fields will be retained by them. Also, co-defendants have been notified of CPA Elias Fernández's list of cases and his curriculum vitae and Dr. Victor Lladó's curriculum vitae, thus complying with Rule 26 of FRCP.

16. Co-defendants argue that there is no need for Plaintiffs expert CPA Elias Fernández to show economic loss since co-plaintiff Johanna Negron-Adames chose to leave her employment. Said allegation ***is false*** and co-defendants know this. As stated by co-plaintiff Johanna Negron-Adames in her deposition, after her medical leave ended,

6

she was fired from her employment since she was still undergoing treatment due to co-defendants negligent treatment and was not able to work. Co-plaintiff Johanna Negron-Adames did not choose to leave her employment and has not been able to go back to work due to the physical and emotional damages she has sustained due to co-defendants negligent treatment. Therefore, the expert report and expert opinion by CPA Elias Fernandez as to the loss of income co-plaintiff Johanna Negron-Adames has suffered and will suffered is extremely important and should not be precluded.

17. Co-defendants argue that there is no need for Plaintiffs expert psychiatrist Dr. Victor Lladó since co-plaintiff Johanna Negron-Adames can testify as to her emotional damages. Co-plaintiff Johanna Negron-Adame is not a psychiatrist and cannot explained in medical terms her emotional and mental damages. Dr. Victor Lladó's expert report and opinion is needed in order the medically explain the emotional damages sustained by co-plaintiff Johanna Negron-Adames due to co-defendants negligent treatment. Dr. Lladó's expert report should not be precluded.

18. As stated before, the motion at Docket No. 58 requests an extension of all deadlines in this case, requesting that the discovery deadline be extended until June 2022 and the trial be set for October 2022. As such, co-defendants will have ample time to depose Plaintiffs experts CPA Elias Fernandez and Dr. Victor Lladó and decide if they will retain experts in this field. There is no reason as to why, seeing as all parties, including co-defendants, have requested that the discovery deadline in this case be extended, Plaintiffs experts be precluded. By requesting this extension, co-defendants are barred form alleging that the discovery will be affected or that they will not be able to have time to notify their additional experts.

**WHEREFORE**, it is respectfully requested from this Honorable Court to DENY co-defendants motion to preclude at Docket No. 59 and allow Plaintiffs to use the expert report and opinion of experts CPA Elias Fernández and Dr. Victor Lladó.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITED**.

In San Juan, Puerto Rico, on this 25th day of February 2022.

S/Pedro F. Soler Muñiz
PEDRO F. SOLER-MUÑIZ
USDC-PR NO.  212,909
*Counsel for Plaintiffs*
Pedro F Soler Muñiz
1225 Ave. Ponce de León
Edif. VIG Tower, Suite BS-D
San Juan, PR 00907
Tel. 787-774-6522; Fax. 787-706-8680
psoler@pedrosolerlaw.com

S/Alejandro J. Fernandez Muzaurieta
ALEJANDRO J. FERNANDEZ MUZAURIETA
USDC-PR 223706
*Counsel for Plaintiff*
Alejandro J. Fernandez Muzaurieta
PO BOX 16264
San Juan, PR 00908
Tel. 939-337-4740
alejandrofernandezz@yahoo.com

S/Alejandra C. Martínez Méndez
ALEJANDRA C. MARTINEZ MENDEZ
USDC/PR NO. 303111
*Counsel for Plaintiffs*
Pedro F. Soler Muñiz
1225 Ave. Ponce de León
Edif. VIG Tower, Suite BS-D
San Juan, PR 00907
Tel. 787-774-6522; Fax 787-706-8680
amartinez@pedrosolerlaw.com