# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOHANNA NEGRÓN ADAMES,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **DORADO HEALTH INC.,** *et al.*, <br><br> *Defendants.* | Civ. No. 21-01077 (MAJ) |

## OPINION AND ORDER

### I. Introduction

Before the Court is a Motion in Limine (the "Motion") filed by Defendants, Dr. Francisco Dubocq-Berdegüez ("Dr. Dubocq") and his insurer, Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico-Hospitalaria ("SIMED"), (collectively referred to as "Defendants") (**ECF No. 82**).[1] Defendants' Motion seeks to preclude Plaintiffs, Johanna Negrón Adames *et al.*, ("Plaintiffs") from mentioning or referencing Dr. Dubocq's liability insurance policy with SIMED during the trial.[2] For the reasons set forth below, the Motion is **GRANTED**.

### II. Discussion

The Federal Rules of Evidence dictate the parameters of admissibility for evidence in this Court. Fed. R. Evid. 401 defines relevant evidence as that which has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of

---

[1] The Court hereby notes that it will consider Defendants' Motion in Limine, (**ECF No. 82**), Plaintiffs' Opposition thereto, (**ECF No. 94**), Defendants' Reply to the Opposition, (**ECF No. 125**), and Plaintiffs' Sur-Reply, (**ECF No. 134**) in rendering its decision on the matter at hand.

[2] In the present case, Plaintiffs have asserted medical malpractice claims against Dr. Dubocq, SIMED as his insurer, and other named Defendants. (**ECF NO. 63**).

consequence in determining the action. Fed. R. Evid. 402 further stipulates that relevant evidence is generally admissible, barring exceptions as provided by law.

However, under Fed. R. Evid. 403, a district court should exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 6 n.3 (1st Cir. 2001); *see also Ellicott v. Am. Capital Energy, Inc.*, 906 F.3d 164, 172 (1st Cir. 2018) ("District courts have wide discretion when it comes to determinations under Rule 403.")

Fed. R. Evid. 411 specifically addresses the issue at hand, generally prohibiting the admission of evidence regarding an individual's liability insurance to prove negligence or wrongful action.[3] The Supreme Court has noted the substantial likelihood of misuse by the jury when presented with evidence of defendant's insurance, emphasizing a proclivity towards prejudice that can emanate from such disclosures. *Eichel v. New York Cent. R. Co.*, 375 U.S. 253, 255 (1963). Indeed, "the fact that a defendant in an action for personal injuries is insured . . . has not the slightest bearing on the issue (of negligence). It is an irrelevant fact prejudicial to the defendant. *Jamison v. A. M. Byers Co.*, 330 F.2d 657, 661-62 (3d Cir. 1964). The "rationale behind the rule is the potential prejudice of the jury by the knowledge that the defendant is insured. 'Courts fear that the jury's knowledge of

---

[3] Rule 411 states that:

Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, or bias or prejudice of a witness.

insurance might cause it to assume that any verdict which it renders against the defendant will be paid by a wealthy and impersonal insurance company.' 4 Rowland H. Long, The Law of Liability Insurance, § 25.04 (2004). 'Such evidence is excluded as being an invitation to the jury to share the resources of the insurer with the plaintiff, regardless of the merits of the case.' 1 Michael H. Graham, Handbook of Federal Evidence, § 411.1 (5th Ed. 2001)." *Matosantos Commer. Corp. v. SCA Tissue N. Am., L.L.C.*, 369 F. Supp. 2d 191, 194 (D.P.R. 2005); *Vargas-Alicea v. Cont'l Cas. Co.*, 15-cv-1941, 2019 WL 1453070, at *6 (D.P.R. Mar. 31, 2019) (same).

In the matter before us, Plaintiffs have not articulated a sufficient basis that would admit or otherwise prevent exclusion of the evidence of Dr. Dubocq's insurance policy with SIMED under the Federal Rules of Evidence, specifically, Rules 401, 403, and 411.

Turning to Rule 401, the Court finds that Plaintiffs have not met the burden of demonstrating the relevance of the evidence under Rule 401. Plaintiffs have failed to show that the evidence concerning Defendant's medical malpractice insurance has a "tendency to make a fact more or less probable" than it would be without the evidence.

Further, under the scrutiny of Rule 403, the Court finds that the probative value of the evidence is, at best, minimal to non-existent. The introduction of such evidence poses a substantial risk of engendering unfair prejudice, potentially fostering a misconception that Defendant possesses a limitless financial cushion due to his medical malpractice insurance. *See Matosantos Commer. Corp.,* 369 F. Supp. 2d 191, 194 (D.P.R. 2005). This danger starkly outweighs any conceivable probative value.

While Plaintiffs declare, they have not "and will not attempt to prove the value of the damages or Dr. Duboqc's negligence in this case, on the fact that he has an insurance policy for medical malpractice" (**ECF No. 94 at 4**), the Court sees no indication that the

evidence is being offered for a purpose other than to show negligence or wrongful action which is impermissible under Rule 411. *See Conde v. Starlight I, Inc.*, 103 F.3d 210, 214 (1st Cir. 1997) ("Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully"); *see also Tavares v. Michigan Fishing, Inc.*, 937 F. Supp. 84, 86 (D. Mass. 1996) (improper to elicit evidence showing that defendant was insured against loss). Similarly, Plaintiffs contend, "there is no reason as to why the jury should be precluded from knowing that SIMED is Dr. Dubocq's insurer." (**ECF No. 134 at 4**). However, this Court finds that the strictures of Rule 411 provide ample reason to exclude evidence of Dr. Dubocq's insurance policy, given that negligence is the principal cause of action here. (**ECF No. 63 at 16**).

Accordingly, the Court finds that the evidence pertaining to Dr. Dubocq's insurance policy with SIMED is not admissible. The potential for prejudice and misuse by the jury substantially outweighs any probative value that such evidence may hold. *See* Fed. R. Evid. 403. And Plaintiffs have failed to persuade the Court the offered evidence of Dr. Dubocq's insurance policy would be used for an allowable purpose under Rule 411 such as "proof of agency, ownership or control, or bias or prejudice of a witness." *See* Fed. R. Evid. 411; *Burgos-Diaz v. Hosp. HIMA San Pablo-Bayamon*, 17-cv-1081, 2022 WL 18864376, at *2 (D.P.R. Oct. 17, 2022).

### III. Conclusion

For the reasons set forth above, the Court finds that the evidence pertaining to Dr. Dubocq's insurance policy with SIMED is not admissible. Accordingly, Defendants' Motion in Limine is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of September 2023.

*s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**
