THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOHANNA NEGRÓN ADAMES,** *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DORADO HEALTH INC.,** *et al.*,<br><br>*Defendants.* | Civ. No. 21-01077 (MAJ) |

**OPINION AND ORDER**

**I.   Introduction**

Before the Court is a Motion in Limine (the "Motion") filed by Defendants, Dr. Francisco Dubocq Berdegüez ("Dr. Dubocq") and his insurer, Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico-Hospitalaria ("SIMED"), (collectively referred to as "Defendants") (**ECF No. 89**).[1] Defendants' Motion, brought pursuant to Federal Rules of Evidence 402 and 403, seeks to preclude, or in the alternative, limit Plaintiffs Johanna Negrón Adames *et al.*, ("Plaintiffs") from "presenting evidence that Dr. Dubocq is not a properly trained urologist and/or that he holds himself to be a urologist" during the trial. *Id*.[2] For the reasons set forth below, the Motion is **DENIED**.

---

[1] The Court hereby notes that it will consider Defendants' Motion in Limine, (**ECF No. 89**), Plaintiffs' Opposition thereto, (**ECF No. 97**), Defendants' Reply to the Opposition, (**ECF No. 126**), and Plaintiffs' Sur-Reply, (**ECF No. 135**) in rendering its decision on the matter at hand.

[2] In the present case, Plaintiffs have asserted medical malpractice claims against Dr. Dubocq, SIMED as his insurer, and other named Defendants. (**ECF No. 63**). According to the Amended Complaint, which forms the basis of the instant motion, Plaintiffs claim that Dr. Dubocq "publicly represents himself as a specialist in urology even though he has no special experience, preparation, or credentials as such." *Id*. at 4.

**II. Discussion**

The Federal Rules of Evidence dictate the parameters of admissibility for evidence in this Court.[3] "In evaluating the admissibility of proffered evidence on a pretrial motion in limine, the court must assess whether the evidence is relevant and if so, whether it is admissible, pursuant to Federal Rules of Evidence 401 and 402." *Daniels v. D.C.*, 15 F. Supp. 3d 62, 66 (D.D.C. 2014).[4] The burden is on the introducing party to establish relevancy, as well as admissibility. *Dowling v. United States*, 493 U.S. 342, 351 n. 3 (1990).

However, under Fed. R. Evid. 403, a district court should exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 6 n.3 (1st Cir. 2001) (quoting Fed. R. Evid. 403); *see also Ellicott v. Am. Capital Energy, Inc.*, 906 F.3d 164, 172 (1st Cir. 2018) ("District courts have wide discretion when it comes to determinations under Rule 403."). Since Rule 403 excludes relevant evidence, it should only be used in limited situations. *Bado-Santana v. Ford Motor Co.*, 364 F. Supp. 2d 79, 89 (D.P.R. 2005). Still, under this rule, the Court has

---

[3] The Court underscores that the question at this juncture is not the weight of the evidence but its relevance, prejudicial effect, and probative value. *See United States v. McBride*, 676 F.3d 385, 405 (4th Cir. 2012) ("[a]ssessing the probative value of [evidence] . . . is a matter . . . ultimately, if the evidence is admitted, for the trier of fact."); *see also Wolpert v. Abbott Labs*, 08-cv-4849, 2012 U.S. Dist. LEXIS 63755, at *6-7 (D.N.J. May 7, 2012) ("in examining relevance, the Court is not called upon to quantify the evidence's probative force. The weight of evidence is a question for the jury. And questions about whether evidence is sufficient to reasonably meet a burden of persuasion are questions of evidentiary sufficiency, not relevance.") Regrettably, the parties have largely sidestepped the central focus of relevance and admissibility under the Federal Rules of Evidence and erroneously ventured into an analysis of the weight to be accorded to such evidence. Nonetheless, the Court is able to cobble together the sparsely argued positions and make an appropriate determination.

[4] Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

"considerable latitude in determining whether to admit or exclude evidence." *Santos v. Sunrise Med., Inc.*, 351 F.3d 587, 592 (1st Cir. 2003) (quoting *Espeaignnette v. Gene Tierney Co., Inc.*, 43 F.3d 1, 5 (1st Cir. 1994)).

Turning to Rule 401, the Court finds that Plaintiffs have met the burden of demonstrating the relevance of the evidence under Rule 401. In the simplest terms, Plaintiffs argue the Court should reject the Defendants' Motion because the extent of Dr. Dubocq's education, training, and qualifications as a urologist is an open question for the jury. (**ECF No. 97 at 3**). They insist that details of Dr. Dubocq's professional background are not only relevant, but vital to the case at hand.5 (**ECF No. 97 at 1-2**). Specifically, Plaintiffs maintain that the evidence of Dr. Dubocq's medical training is:

> pertinent to the facts of the case and damages alleged. [Not admitting this evidence would] be hiding from the jury the fact that Dr. Dubocq is not certified, nor trained, nor qualified to be a specialist in urology, and he still performed urology procedures on co-plaintiff Johanna Negron-Adames, which caused her damages. It is a factual matter that the jury needs to hear in order to completely make their decision in this case.

---

5   Additionally, Plaintiffs, argue, "[n]ot to allow Plaintiffs to present said evidence in trial would be prejudicial to the jury as it would keep them from reaching the truth and from learning about a fact which is crucial to Plaintiffs damages." (**ECF No. 97 at 1-2**). Essentially, Plaintiffs argue that there is potential prejudice to their case if the evidence is not admitted. However, this is the inverse of what Rule 403 is designed to address. Plaintiffs curiously cite a Nebraska Supreme Court decision, *Frerichs v. Nebraska Harvestore Sys., Inc.*, to support this proposition. However, as mentioned the Federal Rules of Evidence are what guides the present inquiry. 410 N.W.2d 487, 492 (1987). Under Rule 403 a court can exclude relevant evidence "if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury," among other concerns. *See Ferrara & DiMercurio*, 240 F.3d at 6 n.3. That said, Plaintiffs' argument does not align with the framework of Rule 403, the Court retains "broad discretion in making evidentiary rulings, a discretion that encompasses assessing the probative value of the proffered evidence and weighing any factors counseling against admissibility." *Herbert v. Architect of Capitol*, 920 F. Supp. 2d 33, 37–38 (D.D.C. 2013) (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008); *see also United States v. Stone*, 543 F. Supp. 3d 535, 115 Fed. R. Evid. Serv. 1427 (W.D. Ky. 2021) (noting that, using its inherent authority to manage the course of trials before it, a court may exclude irrelevant, inadmissible, or prejudicial evidence through in limine rulings). Moreover, a trial court's "discretion extends not only to the substantive evidentiary ruling but also to the preliminary question of whether a motion in limine presents an evidentiary issue that is appropriate for ruling in advance of trial." *Id.* (citing *United States v. Valencia*, 826 F.2d 169, 172 (2d Cir. 1987); *accord Rosemann v. Roto–Die, Inc.*, 377 F.3d 897, 902 (8th Cir. 2004)). In light of this, the Court determines that the probative value of the evidence regarding Dr. Dubocq's training as a urologist is not "substantially outweighed" by the risk of unfair prejudice and other concerns under Rule 403.

(**ECF 135 at 6**).

The Court agrees with Plaintiffs that discussing Dr. Dubocq's education, training, and qualifications are relevant in this medical malpractice case. *See Cleveland v. United States*, 457 F.3d 397, 403 (5th Cir. 2006) (quoting *Linder v. Hoffman,* 894 So. 2d 427, 431 (La. Ct. App. 2005)) ("stating the general rule that in order to establish a claim of medical malpractice, the plaintiff 'must demonstrate the degree of care ordinarily exercised by a physician in a particular medical specialty.'").

As the First Circuit Court of Appeals has noted, the threshold for establishing the relevance of evidence is "very low." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021). As such, the evidence at issue here is squarely within the bounds of Rule 401. Evidence does not need to definitively settle a central issue in the case, "but rather need only move the inquiry forward to some degree—think, for example, of evidence that is basically background in nature, which is universally offered and admitted as an aid to understanding." *Id.* (internal citations and quotations omitted).

In the words of the First Circuit, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'" *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021) (quoting *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)). Here, it is a "tough sell" for Defendants to successfully argue that the qualifications and training of Dr. Dubocq, who is a physician alleged to have acted negligently, are irrelevant or of such "minimal" "probative value" that it should be excluded. (**ECF No. 89 at 5**). Instead, it is for the jury to determine its value or weight. *United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997). The evidence at issue here, paints a backdrop against which the jury can fairly assess the allegations of medical malpractice, grounded in the full scope of facts. Indeed, the evidentiary facts offered do not need to have "strong, full, superlative,

and probative value . . . but merely needs to be worth consideration by the jury. It is for the jury to give the fact the appropriate weight in effecting persuasion." *Id.* (quoting *Wigmore on Evidence* § 29, at 976 (Tillers rev.1983)).

Nonetheless, under Rule 403, evidence that is relevant can still be excluded, if its "probative value is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." *United States v. Breton*, 740 F.3d 1, 14 (1st Cir. 2014) (quoting *United States v. Gentles*, 619 F.3d 75, 87 n.4 (1st Cir. 2010)). However, Rule 403 protects defendants only against evidence that would produce unfair prejudice, as "by design, all evidence is meant to be prejudicial." *Id.* (quoting *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000)).

Evidence produces unfair prejudice when it "invites the jury to render a verdict on an improper emotional basis." *Id.* Defendants have argued that presenting any evidence pertaining to Dr. Dubocq's alleged "deficiencies [in] training as a urologist" has "minimal at best" probative value. (**ECF No. 89 at 5**). In so arguing, Defendants cite the fact that the Puerto Rico Medical Licensing Board (the "Licensing Board") has consistently deemed Dr. Dubocq's through its licensure and renewal processes, as "in compliance with their requirements, and in good standing." *Id.* They emphasize that the Licensing Board is the only authoritative body responsible for overseeing the licensure of physicians in Puerto Rico. *Id.* According to Defendants, introducing evidence to question Dr. Dubocq's training could "lead the jury to believe that entities other than the [Licensing Board] have authority over the licensing of physicians." *Id.* Defendants maintain this would generate a prejudicial effect, which "substantially outweighs any probative value of said evidence." *Id.* Consequently, they urge the Court to "exclude the evidence from admission at trial." *Id.*

Under the scrutiny of Rule 403, the Court holds that the probative value of Dr. Dubocq's training is not "substantially outweighed by the danger of unfair prejudice," nor will it "confuse the issues" or invite the jury to "render a verdict on an improper emotional basis." *See United States*, 740 F.3d at 14. The extent of Dr. Dubocq's professional training has probative value on the central issue of the case and at minimum provides relevant background. Defendants have strongly emphasized the authoritative role of the Licensing Board in Puerto Rico, seemingly attributing an infallible judgment to the entity in recognizing and validating Dr. Dubocq's qualifications. While the Licensing Board, is authoritative in some respect, it does not furnish absolute validation of Dr. Dubocq's precise level and breadth of training, nor does it speak to whether he fell below the applicable standard of care of a specialist. Under Puerto Rico law, physicians in a malpractice case, "enjoy[] a presumption that [they] possess[ed] the reasonable knowledge and skills required by the controlling medical standards, and that [they] provided reasonable and adequate care to the patient." *See Ramirez-Ortiz v. Corporacion del Centro Cardiovascular de P.R. y del Caribe*, 32 F. Supp. 3d 83, 87 (D.P.R. 2014); *see also Rolon-Alvarado v. San Juan*, 1 F.3d 74, 77-78 (1st Cir. 1993) (holding that a health care provider "has a duty to use the same degree of expertise as could reasonably be expected of a typically competent practitioner in the identical specialty under the same or similar circumstances.") Indeed, such endorsement by the Licensing Board does not shield Dr. Dubocq's expertise against the backdrop of the alleged medical malpractice claims. Given that a focus of this case is a procedure executed by Dr. Dubocq, it is imperative that his skill and competency as a specialist in the field of urology are thoroughly examined. *See Nolet v. Armstrong*, 197 F. Supp. 3d 298, 305 (D. Mass. 2016) ("[A] specialist should be held to the standard of care and skill of the average member of

the profession practicing the specialty, taking into account the advances in the profession." (quoting *Brune v. Belinkoff*, 354 Mass. 102, 109 (1968)). Therefore, this evidence does not bring forth "unfair prejudice" dwarfing its "probative value." *See* Fed. R. Evid. 403. Rather, it serves to enrich the jury's understanding, based on a nuanced and detailed array of information.

Finally, the Court disagrees with Defendants' assertion that introducing evidence of Dr. Dubocq's training would confuse the jury. (**ECF No. 89 at 5**). To the contrary, allowing the evidence would allow the jury to determine if Dr. Dubocq possessed the requisite "knowledge and skills required by the controlling medical standards, and that he or she provided reasonable and adequate care to the patient." *See Ramirez-Ortiz v. Corporacion del Centro Cardiovascular de P.R. y del Caribe*, 32 F. Supp. 3d 83, 87 (D.P.R. 2014) (citing *Del Valle Rivera v. United Sates*, 630 F. Supp. 750, 756 (D.P.R. 1986)).

Taken together, this Court finds the evidence pertaining to Dr. Dubocq's training as a urologist relevant to the instant action under Rule 401. Moreover, Defendants have not articulated a sufficient reason for its exclusion under Rule 403.

### III. Conclusion

For the reasons set forth above, Defendants' Motion in Limine is **DENIED**. (**ECF No. 89**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of September 2023.

        */s/ María Antongiorgi-Jordán*
        **MARIA ANTONGIORGI-JORDAN**
        **UNITED STATES DISTRICT JUDGE**